UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICOLE SYNAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01448-TAB-JMS |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.    Introduction**

Plaintiff Nicole Synal appeals the Commissioner's decision denying her claims for disability insurance benefits and supplemental security income. Synal argues that the Administrative Law Judge's step four determination that she can perform her past relevant work as a paralegal is not supported by substantial evidence because: (1) the RFC analysis is not supported by substantial evidence; and (2) the ALJ gave an unfavorable assessment of Synal's credibility for reasons that are patently wrong. For the reasons explained below, Synal's brief in support of appeal [Filing No. 22] is granted.

**II.   Background**

Synal filed for disability insurance benefits and supplemental security income on May 14, 2012, alleging an onset date of November 1, 2011. Both claims were denied initially and upon reconsideration. After filing a written request for a hearing, Synal appeared and testified before an ALJ on November 14, 2013, and again at a supplemental proceeding with a medical expert on April 3, 2014. In between the first and second hearings, Synal was diagnosed with fibromyalgia.

This diagnosis is reflected in the record. [Filing No. 15-5, at ECF p. 44.] The ALJ denied Synal's claims by written decision on April 22, 2014.

The ALJ found at step one that Synal had not engaged in substantial gainful activity since her alleged onset date. [Filing No. 15-2, at ECF p. 23.] At step two, the ALJ found that Synal has the following severe impairments: asthma, sinusitis, and obesity. [*Id.*] The ALJ also determined that Synal has the following non-severe impairments: history of thyroid cancer, diabetes mellitus, and migraines. [*Id.* at 24.] The ALJ noted Synal's claims of psychological problems but found that her only medically determinable psychological impairment of depression causes mild limitations in three functional areas, and is therefore non-severe. [*Id.*]

At step three, the ALJ considered Synal's severe impairments of asthma, sinusitis, and obesity and determined that no single impairment or combination of impairments meets or medically equals a listing. [*Id.* at 26.] The ALJ found that Synal has the RFC to perform light work with the following limitations:

> "[T]he claimant can lift, carry, push or pull twenty pounds occasionally and ten pounds frequently. She can stand and walk six hours in an eight-hour workday. The claimant can occasionally stoop, balance, crouch, kneel, crawl, and climb stairs or ramps. She should not climb ladders, ropes, scaffolds or work around hazards such as unprotected heights or unguarded moving machinery. The claimant should not be exposed to temperature extremes or unusual levels of humidity. She should not be subjected to concentrated levels of dust, fumes, gases, or strong odors."

[*Id.*] During the first hearing, Vocational Expert Dr. George Parsons determined that a hypothetical individual with Synal's impairments and RFC could perform her past relevant work as a paralegal. [*Id.* at p. 73-74.] At the second hearing, the ALJ consulted the opinion of pulmonologist Dr. John Pella, who proposed the following additional restriction: "[I]t is recommended that they not work with general public; that they be in a somewhat protected environment . . . to cut down exposure to infections." [*Id.* at p. 52.] The ALJ addressed this

restriction in his decision, but chose to exclude it from the RFC because "paralegal work does not typically entail substantial interaction with large groups." [*Id.* at 29.] Relying upon the VE's testimony from the first hearing, the ALJ determined at step four that Synal can perform her past relevant work as a paralegal. [*Id.* at 29.] The Appeals Council denied Synal's request for review, making the ALJ's decision final. This appeal followed.

### III. Standard of Review

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore*, 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

### IV. Discussion

#### A. RFC

Synal argues that the ALJ's RFC finding is not supported by substantial evidence. The Court agrees. The ALJ arbitrarily rejected work-related limitations suggested by Dr. Pella. The ALJ also completely omitted any consideration of Synal's fibromyalgia from his assessment despite its representation in the record. The ALJ additionally failed to incorporate Synal's mental limitations into the RFC. The ALJ then used this incomplete RFC to pose hypothetical

3

questions to the VE, whose testimony provided the basis for the ALJ's determination at step four that Synal could perform her past relevant work as a paralegal. This requires remand.

The Seventh Circuit has held that an ALJ's hypothetical questions to the VE "must contain all limitations supported by medical evidence in the record." *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). Absent a valid reason for exclusion, the ALJ must assess a new RFC that incorporates all limitations. *Id.* Only then can the ALJ properly rely upon VE testimony in making a step four finding. *Id.* "A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008) (citing *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)).

### 1. Dr. Pella

Synal argues that the RFC is not supported by substantial evidence because the ALJ failed to include Dr. Pella's restriction. Dr. Pella advised that individuals with Synal's impairments should "not work with general public" and "be in a somewhat protected environment . . . to cut down exposure to infections." [Filing No. 15-2, at ECF p. 52.] The Commissioner concedes the ALJ's reason for excluding this restriction is "inadequate" due to a complete lack of support from either the record or the VE. [Filing No. 28, at ECF p. 12.] Citing to *Erwin v. Colvin*, No. 1:13-cv-407-TWP-TAB, 2014 WL 941357, at *7 (S.D. Ind. Mar. 10, 2014), the Commissioner nonetheless asserts the error is harmless because Dr. Pella's statements were not intended to be restrictions at all. [Filing No. 28, at ECF p. 13.] This argument is speculative and misapplies the rule. In *Erwin*, the ALJ's failure to properly account for a medical opinion in the RFC was only harmless because the medical expert "clearly articulated that the additional testimony was interpretation and/or explanation and not additional

4

restrictions." 2014 WL 941357, at *7.  Unlike the expert in *Erwin*, Dr. Pella does not indicate that his statements are explanatory and not restrictive, nor does the ALJ seek clarification.  To the contrary, the ALJ notes that Dr. Pella "included a work-related limitation" that would prohibit Synal "from working around groups of people to avoid the spread of illness." [Filing No. 15-2, at ECF p. 29.]  The Commissioner's argument fails.

There is good reason to believe that the inclusion of Dr. Pella's restriction in the RFC and hypothetical will substantially affect the VE's testimony.  The Dictionary of Occupational Titles describes some of the duties typically required of paralegals, many of which require interaction with the general public or groups of people.  DOT Code 119.267-026.  Furthermore, Dr. Pella's restriction is designed to minimize the risk of infection, which is relevant because sinusitis is one of the "primary aggravating factors" causing Synal's asthma symptoms to be worse than they otherwise should be.  [Filing No. 15-2, at ECF p. 11.]  Given that the ALJ assigned "significant weight" to Dr. Pella's opinion and relied exclusively upon VE testimony in making his step four determination, the incorporation of Dr. Pella's restriction will substantially alter the ALJ's conclusion.

Synal makes several additional arguments related to Dr. Pella's testimony that are either undeveloped or harmless.  Synal argues that the ALJ mischaracterized the record when he said that Dr. Pella "proposed light work restrictions." [Filing No. 15-2, at ECF p. 28.]  While Dr. Pella never explicitly called for light work restrictions, Synal does not explain the significance of this error in relation to her claim, nor does she respond to the Commissioner's argument that all other medical opinions provided for light or no restrictions.  Dr. Pella's testimony contained environmental restrictions and a favorable assessment of Synal's physical capabilities, including normal test results for mobility, strength, and reflex.  [Filing No. 15-2, at ECF p. 48-49.]  These

findings are consistent with the physical exertional demands for light work.  20 C.F.R. §§ 404.1567(b), 416.967(b).  Given the absence of medical testimony to the contrary, a reassessment of Synal's RFC to resolve this misstatement is certain to produce the same result on remand.  Therefore, the error is harmless.

Synal also argues that the ALJ erred by failing to explain why he rejected Dr. Pella's limitation, "no exposures to respiratory irritants," in favor of the state agency consultants' limitation, which prohibited only concentrated exposure.  [Filing No. 15-2, at ECF p. 51.]  It is not clear whether Dr. Pella meant for Synal to have an absolute restriction on pulmonary irritants.  Regardless, even if Synal's restriction is absolute, any error is harmless because the DOT entry for "paralegal" contains no environmental conditions or requirements to which a further restriction on pulmonary irritants could apply.  DOT Code 119.267-026.  If an absolute restriction on irritants were to be included in the ALJ's hypothetical, it would not affect the VE's determination that Synal could perform her past relevant work as a paralegal.  Therefore, remanding on this basis is not warranted.

Synal further argues that the ALJ failed to discuss Dr. Pella's statement that Synal "appears to have two, sometimes three episodes in the course of the year that would require physician intervention and modifications of her medications," and that this statement conflicts with the RFC analysis.  [Filing No. 15-2, at ECF p. 48.]  However, the ALJ specifically addresses Dr. Pella's statement in his decision.  [Filing No. 15-2, at ECF p. 28.]  Moreover, Dr. Pella's testimony describes Synal's asthma exacerbations as "so-called attacks" and "transient exacerbations . . . not requiring significant medical intervention."  [*Id.* at 51.]  The fact that Synal experiences two to three of these exacerbations per year does not conflict with the ALJ's

6

determination that she can withstand the exertional demands of light work. Synal's argument therefore fails.

### 2. *Fibromyalgia and depression*

Synal argues that the RFC is not supported by substantial evidence because the ALJ failed to consider or even mention Synal's fibromyalgia despite its presence in the record. [Filing No. 15-2, at ECF pp. 21-29.] The Court agrees. An ALJ "must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe." *Arnett v. Astrue*, 676 F.3d 586, 591-92 (7th Cir. 2012) (citations omitted). The ALJ must also "analyze a claimant's impairments in combination." *Id.* Here, the ALJ has failed to meet both requirements.

The Commissioner argues that the ALJ's failure to consider fibromyalgia was not error because Synal failed to make this impairment known to the ALJ during her supplemental hearing. While an ALJ does not err by failing to consider evidence that is not presented to him, this rule does not apply when that evidence is readily available in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004) (finding error where ALJ failed to consider evidence available in the record). Here, the ALJ had access to the medical report diagnosing Synal with fibromyalgia. The report detailed her symptomology, including "12 positive trigger points, irritable bowel symptoms, [and] depression." [Filing No. 15-5, at ECF p. 44.] Synal did not bring up fibromyalgia at the supplemental hearing, but that does not give the ALJ permission to ignore information about fibromyalgia in the record, especially when there is a medical diagnosis supported by objective evidence. *See Thomas v. Colvin*, No. 15-2390, 2016 WL 3439015, at *4 (7th Cir. June 22, 2016) (holding that the ALJ's omission of fibromyalgia from list of claimant's impairments was not harmless error where evidence also included "reports of

7

symptoms, signs, and contemporaneous conditions associated with fibromyalgia, including muscle aches, fatigue and depression"). The Commissioner's argument therefore fails.

In addition to her fibromyalgia, Synal argues that the ALJ failed to incorporate her depression into the RFC despite finding that it causes mild limitations in three functional areas. Synal asserts that the ALJ has failed to fulfill his obligation to consider her mental limitations in combination with her other impairments in assessing her RFC. An ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p 1996 WL 374184 at *5. In order to properly rely upon the VE testimony at step four, the ALJ must have included all of Synal's limitations in the RFC. *See Alesia v. Astrue*, 789 F. Supp. 2d 921, 933 (N.D. Ill. 2011) (holding mental limitations should have been included in RFC and hypothetical where ALJ found that claimant's non-severe depression caused mild limitations in three functional areas); *see also Koswenda v. Astrue*, No. 08 C 4732, 2009 WL 958542, at *5 (N.D. Ill. April 2, 2009) (finding remand necessary where hypothetical to VE did not reflect claimant's mild limitation in concentration, persistence, or pace). The ALJ found mild limitations in three functional areas caused by Synal's depression, but he completely omitted them from the RFC and hypothetical he posed to the VE. Remand is therefore necessary.

The ALJ erroneously rejected Dr. Pella's restriction, failed to include any limitations for fibromyalgia, and failed to incorporate mental limitations into the RFC and hypothetical. As a result, the ALJ's reliance on the VE's testimony is faulty, and the ALJ's determination at step four that Synal can perform her past relevant work as a paralegal is therefore not supported by substantial evidence.

B.  *Credibility Determination*

Finally, Synal challenges the ALJ's unfavorable credibility determination. An ALJ's credibility finding is afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 757-58 (7th Cir. 2006). Only if an ALJ "grounds his credibility finding in an observation or argument that is unreasonable or unsupported . . . can the finding be reversed." *Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006).

The ALJ summarized and discussed the various factors supporting his credibility determination. He noted that Synal's daily activities and work history "reveal a significant level of functioning notwithstanding her alleged symptoms." [Filing No. 15-2, at ECF p. 28.] The ALJ contrasted Synal's reports and allegations of severe symptomology with objective evidence of record, including lung function tests which demonstrated normal results. [*Id.*] The ALJ addressed the ways in which Synal's statements regarding her medication side-effects and asthma exacerbations conflicted with the medical expert's testimony, noting Dr. Pella's comments that any side-effects from the nebulizer and inhaler are generally well-tolerated, and that her asthma exacerbations occur far less frequently than she alleged. [*Id.*] Because the ALJ's determination that Synal is not credible was supported by inconsistencies between Synal's testimony, her daily living activities, and objective medical evidence of record, it is not patently wrong. Thus, the Court must uphold the ALJ's determination.

**V.     Conclusion**

The Court grants Synal's brief in support of appeal. [Filing No. 22.] The Commissioner's decision is remanded to the ALJ for further proceedings consistent with this opinion.

Date: 8/3/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Thomas B. Browder
KELLER & KELLER
tomb@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov